[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13677

Non-Argument Calendar

_____

COURTNEY B. ANDERSON,

Plaintiff-Appellant,

*versus*

COUPONS IN THE NEWS,
a foreign corporation
d.b.a.
couponsinthenews.com,
NAMECHEAP, INC.,
a foreign corporation,
WHOISGUARD, INC.,
a foreign corporation,
JOHN/JANE DOE,

Fictitious Defendants Does 1-3,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cv-00041-JSM-PRL

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Courtney Anderson appeals the district court's Rule 12(b)(6) dismissal, with prejudice, of her claim against Coupons in the News under Fla. Stat. § 540.08.  For the reasons which follow, we affirm.[1]

Accepting the factual allegations in the second amended complaint as true, *see, e.g.*, *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), Ms. Anderson alleged that she was arrested at a Best Buy store following a dispute over coupons.  The store manager told police that Ms. Anderson had dropped her pants and was showing her buttocks.

---

[1] Ms. Anderson also seeks to appeal the district court's dismissal of certain other claims, but says that she is relying on the arguments she made below. *See* Appellant's Br. at 14-15.  Because such incorporation is improper, we do not address the other claims. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004).

Ten days later, Coupons published an article on its website entitled "Pantless Couponer Arrested After Checkout Dispute." The article was accompanied by a photograph of the front of a Best Buy store and a superimposed image of Ms. Anderson's booking photograph.

In Count 1 of her second amended complaint, Ms. Anderson alleged that Coupons violated Fla. Stat. § 540.08(1)(a), which (as relevant here) prohibits the unauthorized publication or use of a person's photograph or other likeness "for the purpose of trade or for any commercial or advertising purpose." The Florida Supreme Court has held that the purpose of § 540.08 "is to prevent the use of a person's name or likeness to directly promote a produce or service because of the way that the use associates the person's name or personality with something else." *Tyne v. Time Warner Entertainment*, 901 So.2d 802, 808 (Fla. 2005).

Ms. Anderson characterized the Coupons article—attached to the complaint as Exhibit B—as an "advertisement" in her complaint, but the district court ruled that a review of the document demonstrated that it was an article and not an advertisement. And because it was not an advertisement or commercial speech, Ms. Anderson's claim under § 540.08(1)(a) failed.

We agree with the district court that Ms. Anderson failed to state a plausible claim under § 540.08(1)(a). *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a document attached to a complaint conflicts with an allegation in the complaint, the document governs. *See Hoefling v. City of Miami.*,

811 F.3d 1271, 1277 (11th Cir. 2016). And here Exhibit B, on its face, is an article reporting on Ms. Anderson's arrest. It is not an advertisement. Nor is it commercial speech.

Ms. Anderson argues that Exhibit B is a publication that is a "digital marketing tool known as a click funnel advertisement designed and used solely to promote the business of coupons which is advertising." Appellant's Br. at 6. The argument is based on a line in Exhibit B that allows a reader to click to contact Coupons about advertising. *See id.* At 11. But the complaint does not contain any allegations or claims about a "click funnel advertisement," and Ms. Anderson could not amend her complaint through her response to Coupon's motion for attorney's fees. *See White v. Beltram Edge Tool Supply, Inc.,* 789 F.3d 1188, 1200 (11th Cir. 2015) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment").

We affirm the district court's dismissal of Count 1 with prejudice.[2]

**AFFIRMED.**

---

[2] At the end of her brief, Ms. Anderson asks in a single sentence that we also reverse the district court's award of attorney's fees. We decline to do so because Ms. Anderson did not appeal from the award of attorney's fees and because she has not explained why the award was legally erroneous.